Argument this morning is Gordon Green v. David Leibowitz, Appeal No. 23-2841. Good morning, Mr. Stone. Good morning, Judge. How are you? Your Honors, my name is Matthew Stone. I represent the appellant, debtor Gordon Green. I'm requesting one minute for rebuttal. When I first started arguing this case, I would start my arguments by saying, you know, this is really complicated. We've got three big statutes. They're really complicated. But at this point, I think that this is actually really simple. And I'll quote my own reply brief when I say it looks like a duck, walks like a duck, it's probably a duck. If it looks like a retirement plan, it's probably a retirement plan. Is there a tax benefit to your client? Yes, absolutely. What is it? This is a – he can defer the income taxes on the monies which are placed in his account, similar to deferring monies placed into a retirement account in the U.S. Like a regular IRA account? Yeah, same thing. This account is basically the same thing as an American retirement account. It's just that all of the internal revenue code sections that would deal with, like, an IRA or a 401K or a 403B have country of origin requirements. They talk about American plans. 404A, not sub A, 404 big A, is about foreign plans. But these foreign plans behave the same as the American plans. For all intents and purposes, it's the same thing. It's just in a foreign country. Can I just confirm something with respect to your argument? At points in your briefing, you seem to be saying that as long as the plan meets 1006B, the definition of a retirement plan, that that is sufficient. But do you agree that you also have to meet the requirement in 1006A-1, namely that it's intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code? So I wouldn't describe it the way you did. 1006A is the standard, intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code. 1006B is explaining these are some things which would meet the requirements of 1006A. So you think your argument is that if it falls under B, that that automatically meets A? Yes. If something falls under B, then essentially the legislature has said these things meet A. So if something falls under B, automatically it's then intended in good faith to qualify as a retirement plan under applicable provisions of the IRCC? Yes, I would say that. Does that make the language under applicable provisions of the Internal Revenue Code of 1986 redundant? No. 1006A is sort of unique amongst exemption statutes in that it has this broad catch-all. And the idea behind that is that the legislature realized that the code changes and we might miss something. We might be missing something now. What's the broad catch-all, though? I think your argument is the broad catch-all is the definition of retirement plan in Section B. I think the broad catch-all is anything which is intended in good faith to qualify as a retirement plan. So in Subsection B, these things are intended, but it's not an exhaustive list. The legislature is saying, we know this is not an exhaustive list. There could be other stuff that doesn't quite fit into one of these four categories. I got that, but then everything under B plus additional things would automatically qualify as under applicable provisions of the Internal Revenue Code?  Which makes that language redundant. Again, I don't see how it makes it redundant. It may be redundant. It could be redundant. It doesn't mean you lose if it is. To the extent that a stock bonus, pension, I'm reading B-1 right now. To the extent that a stock bonus plan, if B didn't exist, we'd still get the stock bonus plan in  If I meet A, I don't need B. But I guess that sort of pushes the question, if a retirement plan includes the following, a stock bonus plan, a stock bonus plan may have no tax benefits to an employee. Okay? Sure. And if it isn't under the applicable provisions of the Internal Revenue Code, that's why I started by talking about tax benefits. It seems to me that a retirement plan under the code requires tax benefits to the employee, not just the employer. And if that language is redundant, then a stock bonus plan, which has no tax benefits to the employee, could qualify as a retirement plan under Section 1006. I mean, that's a fair point. There's no stock plan before the court right now. I should also point out that you have DICTA in Weinhoft, and you have some lower cases, but I don't know that there's ever been a case before this court where, you know, is there a tax benefit is the guiding question on whether or not something would qualify. The only questions that have been— But you're arguing that there is a tax benefit to the employee. So if there is a tax benefit, then your argument, I think, is you win, right? You qualify. But to your question, Judge, about, well, the stock plan doesn't have a tax benefit. So fine. Don't require a tax benefit. You know, if you look under Clark— Well, I don't know that we could do that. I mean, we have to follow the law. Well, under Clark, the only question is, you know, is it set aside for retirement, right? And so when you look at Shinover and auto owner's insurance, the actual question is, are these funds in a segregated account, you know, where the money's set aside, you can't get to it until it's time to stop working, right? And that's—also, if you look at legislative history, that's kind of what they're looking for, right? This is money that's set aside, so when this guy retires, he's not on the dole. That is so broad, though. That means that I could create a savings account and say, well, this is set aside for retirement, so you can't attach this in bankruptcy just because I say it is. So, again, you're right. It's broad. Illinois statute is broad. Other states chose more narrow statutes, but— What do we do with the Illinois appellate court case in Brannett that says 1006 is meant to mirror Section 522 of 11 U.S.C.? I don't think that— Because your argument doesn't mirror that. Right. So I don't think that what Brannett meant there was that the exemptions are coextensive. I think what Brannett means to say there is that it's doing the same job as 522, right? You know, we have to list some exemptions. But in Judge Kirsch's example, it wouldn't be doing the same job as 522. How would it not be doing the same job? He's talking about what accounts are exempt. If he creates some new account and says it's for retirement? Well, if he creates a new account sort of out of thin air, right, then that would not be under an applicable provision of the Internal Revenue Code. And I think that's where the tax-qualified terminology, which has kind of been used in the lower courts but has never been defined and would be really helpful if the Seventh Circuit would define that, comes into play, is a plan which is intended in good faith to qualify as a retirement plan, period, does not meet 1006A, right? It has to be under the applicable provisions of the Internal Revenue Code. Our assertion is simply that 404A is one such applicable provision. Do you agree that your account does not fall within any of the specifically identified provisions in 522, namely 401, 403, et cetera? Yes. 404A is not 404 big A is not one of the enumerator provisions. The question was just a little bit different than that. You agree you're arguing it falls under 404A. I don't see you arguing that it falls under any of these other provisions. I can't. You can't, right? The reason why you can't, and this is sort of the central problem, right, all those other specific provisions have a country of origin requirement. What do you do about a foreign plan? What do you do about somebody who is in a foreign country when they earn their money and they set aside money for retirement and the IRS says, yeah, you know, we're going to defer taxation, we're going to give you deductions, we're going to give you some preferred tax treatment, but it's a foreign country's plan. That's what 404A does. It's in that same subchapter D of the Internal Revenue Code which talks about retirement plans. It's in that same bunch just for whatever reason other statutes haven't brought it in. Does it matter that 404A only allows for deductions for the employer and not for the employee? No. There is a special tax treatment. I see I'm at one minute, so I don't want to. You can reserve that. Thank you. Thank you, Judge. Mr. Leibowitz. Good morning, Your Honors. May it please the Court, Counsel. This case has been argued I think in the Bankruptcy Court and in the District Court and now here and we're really kind of refining the arguments, but the arguments are the same all along. And what Mr. Stone has been arguing all along is that a qualified foreign plan, that's a word that does not have the word retirement in it as a matter of fact, is the same as a tax qualified plan under the Internal Revenue Code. Do you agree that the plan is a retirement plan as defined in 1006B? No. So you don't think it falls under? I do not. I do not. And the reason is that 506B includes certain things and it's not one of those things that is included there. So, no, if it's going to be included anywhere, it's got to be under C. But I think you would not agree that just qualifying under B is sufficient to meet 1006A, would you? I don't think this plan fits under B. If it did, would that alone be sufficient to meet A? Not necessarily, no, I would agree that it would not necessarily because as Judge Kirsch pointed out, someone could put together a plan that is something that looks like a B but doesn't have any tax attributes to it, and therefore it would not qualify under B. It's not our case, but I understand your question, Judge Stanton. Are there tax benefits? Do you agree that there are tax benefits to the payer here, to the debtor? Tax attributes, yes. There are tax attributes there. But it's not the same tax attributes that exist as to, say, a 401K plan or a 403B plan. How so? Well, because the tax contributions that are made are tax deductible to the employee, but the employee doesn't have any particular tax treatments under the Internal Revenue Code. Under the Canadian Code, maybe. Isn't that the same as, I guess, a Roth IRA? No, not at all, because a Roth IRA is something that's tax qualified under the Internal Revenue Code, and those deductions are deductible, and that would be protected under the Illinois. Well, it would be protected, there's no question, but why, right? The why is because there are tax benefits to the employee. I understand your question, Judge Kirsch. The point here, though, is it goes to the question of intent, and clearly a Canadian drafter of a Canadian-registered retirement savings plan was not thinking about trying to qualify or to have any attributes or whatever under the Internal Revenue Code of the United States. So what? What difference does that make? It either qualifies or it doesn't. In order to qualify under the law… I mean, we'd have to look at foreign lawmakers' intent to determine whether a retirement plan qualifies under the Internal Revenue Code. Well, no, that's not the point. The point is whether or not the plan was drafted in order to qualify under the Internal Revenue Code. Who cares if it wasn't? I mean, it either is or isn't. What's that? The state of Illinois carried under sub C. They said that a plan, in order to qualify, had to be a tax-qualified plan under the Internal Revenue Code,  which has certain attributes, but it doesn't have all of the attributes of a tax-qualified plan under the Internal Revenue Code. As a matter of fact, as we pointed out in our brief, the Internal Revenue Service itself put out a revenue ruling in which it stated that an RRSP, the Canadian plan, is not a qualified plan for United States tax purposes. That was Revenue Ruling 89-95 in the 1989-2 Cumulative Bulletin cited in our brief. It's a different thing. You are using tax attributes as opposed to tax benefits. I want to make sure... Tax attributes, that's right. ...we're not losing the meaning or that you're not trying to avoid a question about tax benefits. I don't think it matters. I understand the question. I don't think it matters that there were some tax benefits to it under American law, under Canadian law or otherwise, but it has to have certain tax attributes, Your Honor, in order to be qualified as a retirement plan under Illinois law. That's the whole point. How are you distinguishing tax attributes versus tax benefits? Because a plan under Section 401K or 403B or any of the ones that are recognized by 522 of the Bankruptcy Code have not just tax benefits that you're talking about, Judge Bishop, but also tax attributes. They're qualified as such a plan under the United States law. We don't know what happens with respect to laws of other parts of the world. Maybe this Canadian plan does qualify as a foreign qualified plan, but we have commerce with innumerable countries in this here. People in the United States may work any part of the world. But under our Internal Revenue Code, Jokiel tells us we need to look and see whether or not this qualifies for one or more forms of preferred tax treatment. Now, maybe we won't follow Jokiel. Maybe we will, but does this have preferred tax treatment? It has some tax treatment. Apparently, it qualifies as a foreign qualified plan. I don't think anyone disputes that it's a foreign qualified plan under 404A of the Internal Revenue Code, and it has such tax treatment as it has. But I don't think it's any different than Clark v. Ramacher. A plan for an inherited IRA has got certain tax treatment under the Internal Revenue Code, but it's not enough tax treatment under the Internal Revenue Code to qualify it to be exempt. And this is very similar, analogous to it. The fact that it has some tax treatment does not mean that it has the same tax attributes that are necessary in order for it to be a qualified retirement plan under the Internal Revenue Code, and such as to give it the treatment that's provided in subsection C of 1001 of the Illinois statute. I have a little bit of time left, but I'm perfectly happy to answer whatever other questions. I think I've covered everything that I really needed to cover in the brief, but I don't intend to burden you with additional talk unless there's some questions that you have. I think we're good. Thank you. Mr. Stone. The trustee just mentioned Clark v. Ramacher, and I want to make something very clear. The reason why inherited IRAs were not exempt had nothing to do with their tax treatment. The reason why inherited IRAs were not exempt is because they weren't retirement plans. They weren't money set aside by the earner. They were an inheritance. And that's what Clark is all about. Clark's definition of what a retirement plan is is this person set aside his money for when he retires. That's not what was happening in an inherited IRA. That's what I've got put aside. There was no problem and no question in Clark about the tax treatment. There shouldn't be any question here. These plans are getting preferred tax treatment, and they are retirement plans. The trustee doesn't dispute that either. They should be entitled to the exception. Thank you. Thank you. The case will be taken under advisement. Thanks to both counsel.